**UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | |
| ISLAND INDUSTRIES, INC. | ) | Case No: 22-20380-JDL |
| Debtor. | ) | |
| ———————————————— | ) | Chapter 11 |
| SIGMA CORPORATION, | ) | |
| | ) | Subchapter V |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Adv. Proc. No: 22-00050 |
| ISLAND INDUSTRIES, INC. and GLENN | ) | |
| SANDERS | ) | **RELIEF IS SOUGHT FROM** |
| | ) | **U.S. DISTRICT COURT** |
| Defendants. | ) | |

**SIGMA'S MOTION TO WITHDRAW THE REFERENCE**

Sigma Corporation ("**Plaintiff**" or "**Sigma**") hereby submits this motion (the "**Motion**") seeking an order pursuant to 28 U.S.C. § 157(d) and Federal Rule of Bankruptcy Procedure 5011(a), withdrawing the reference of all claims brought by Sigma Corporation ("**Sigma**") against Island Industries, Inc. ("**Island**" or "**Debtor**") to the United State District Court for the Western District of Tennessee (the "**District Court**"). In support of the Motion, Sigma respectfully states as follows:

**PRELIMINARY STATEMENT**

Island is a direct competitor Sigma. Both Sigma and Island manufacture welded outlets that are sold in various locations throughout the United States. Island also previously supplied grooved welded outlets to Sigma that it sold to its customers.

In February of 2016, Mr. Sanders, the President and CEO of Island, contacted one of Sigma's ex-employees and asked that employee to give him the list of Chinese suppliers to Sigma with their names and contact information. The employee gave Mr. Sanders a confidential list of Sigma's suppliers, which were primarily foreign entities, and contacts at those suppliers. Sigma had invested significant time, money and resources to develop that information, it was kept strictly confidential, and was a key element of Sigma's business. Island then disclosed that information to Sigma's competitors and the public in connection with litigation it brought against Sigma. Sigma demanded that Island turnover its trade secrets, destroy any materials it had containing that information, and seal any mention of the information in its pleadings. Island refused. The information remains public to this day.

This is not an isolated incident. On July 30, 2021, a jury found Island guilty of stealing ASC Engineered Solutions, LLC's (*f/k/a* Anvil International, LLC) ("**Anvil**") trade secrets and entered a $1.5 million judgment against Island. Anvil is another competitor of Island and defendant in the False Claims Act litigation brought by Island.

Island used the confidential information it stole from Sigma, among other things, to develop and bring a claim against Sigma for violation of the False Claim Act. On October 7, 2021, a jury found Sigma had violated the False Claims Act and the United States District Court for the Central District of California entered judgment against Sigma. That judgment is currently on appeal before the Ninth Circuit Court of Appeals.

On May 9, 2022, Sigma filed a complaint (the "**Complaint**") initiating an adversary proceeding (the "**Adversary Proceeding**") against Island and Mr. Sanders seeking damages for the theft of its trade secrets under (i) the Federal Defend Trade Secrets Act (the "**DTSA**") (18 U.S.C. § 1836(b)), (ii) the New Jersey Trade Secrets Act (the "**NJTSA**") (N.J. Stat.

§ 56:15-1), and (iii) the Tennessee Uniform Trade Secrets Act ("**TUTSA**") (Tenn. Code Ann. § 47-25-101, *et seq.*). The determination of the claims involved in the Adversary Proceeding will require the Court to materially and substantially apply the DTSA to the facts of this case and, without question, affect interstate commerce. Under these circumstances, Section 157(d) of the United States Code requires the District Court to withdraw the reference.

Section 157(d) also permits the District Court to withdraw the reference on a permissive basis. Here, there are ample grounds to withdraw the reference, even if withdrawal is not mandatory. The Complaint brings claims against Mr. Sanders, who is not a debtor in Island's chapter 11 cases. The claims brought by Sigma against Mr. Sanders are clearly non-core. Sigma has demanded a jury trial and Mr. Sanders may also do so. Under these circumstances, withdrawing the reference will prevent proceedings in multiple courts and will permit these cases to be handled in an expeditious manner. Accordingly, cause also exists for the Court to exercise its discretion to send the case to the District Court. The Motion should be granted.

## JURISDICTION AND VENUE

1.      The Court has subject matter jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this Court under 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

2.      On June 13, 2017, Island filed a complaint in the U.S. District Court for the Central District of California styled *United States of America ex. rel. Island Industries, Inc., v. Vandewater International Inc.; Neil Rubens, Anvil International, LLC; Sigma Corporation; Smith Cooper International; Allied Rubber & Gasket Company, and John Does Nos. 1-10.*, Case No. CV 17-04393-RGK, asserting claims arising under the False Claim Act, 31 U.S.C. § 3729 *et seq.* (the "**False Claims Action**"). On October 7, 2021, a jury found Sigma liable for violating

3

the False Claims Act.  Final judgment was entered on February 8, 2022.  Sigma has appealed the judgment to the U.S. Court of Appeals for the Ninth Circuit.

3.      On February 2, 2022 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under Subchapter V of Chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"), in the United States Bankruptcy Court for the Western District of Tennessee (the "**Court**").  The Debtor is now acting as debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  James E. Bailey, III has been appointed and is acting as the Subchapter V Trustee.

4.      On May 9, 2022, Sigma filed the Complaint against Island and Mr. Sanders for theft of its trade secrets and confidential information under the Federal Defend Trade Secrets Act (18 U.S.C. § 1836(b)), the New Jersey Trade Secrets Act (N.J. Stat. § 56:15-1, *et seq*), and the Tennessee Uniform Trade Secrets Act (Tenn. Code Ann. § 47-25-1701, *et seq.*) initiating this Adversary Proceeding.  As is evident from the Complaint, the Adversary Proceeding requires the court proceeding over the matter to materially and substantially interpret the DTSA and apply a complicated set of facts to that federal statute.  The Complaint also names Mr. Sanders, a non-debtor, as a defendant.  Sigma has requested a jury trial and expects Mr. Sanders to do the same.  Sigma does not consent to a jury trial in the Bankruptcy Court.

## **RELIEF REQUESTED**

5.      By this Motion, Sigma respectfully requests that the Court recommend that the District Court withdraw the reference of this Adversary Proceeding under 28 U.S.C. § 157(d).

6.      No previous motion for relief herein has been made to this or any other court.

## ARGUMENT

7.       Section 157(d) provides two grounds for a district court's withdrawal of the
reference of a proceeding from the bankruptcy court. First, the "district court *may* withdraw, in
whole or in part, any case or proceeding referred under this section, on its own motion or on
timely motion of any party, for cause shown." 28 U.S.C. § 157(d) (emphasis added). Second, the
"district court *shall*, on timely motion of a party, so withdraw a proceeding if the court
determines that resolution of the proceeding requires consideration of both title 11 and other laws
of the United States regulating organizations or activities affecting interstate commerce." *Id.*
(emphasis added).  The DTSA regulates trade secrets "related to a product or service used in, or
intended for use in, interstate or foreign commerce." 18 U.S.C. § 1836(b)(1).  The Court's
determination of Sigma's claims will require a significant and material application of a non-
bankruptcy federal statute affecting interstate commerce and complicated and novel application
of the facts to that federal statute.  Sigma's claim that Island violated the DTSA requires that the
reference be withdrawn to the District Court.  Alternatively, cause exists for discretionary
withdrawal of the reference.

### A. Section 157(d) Requires Withdrawal of the Reference

8.       Section 157(d) requires withdrawal of the reference when "the proceeding
requires consideration of both title 11 and other laws of the United States regulating
organizations or activities affecting interstate commerce."  28 U.S.C. § 157(d).  Mandatory
withdrawal is warranted when substantial and material consideration of non-Bankruptcy Code
law is necessary for the resolution of a case or proceeding. *See In re Maynard*, No. 14-CV-2649,
2016 WL 1449459, at *2 (S.D. Ohio Apr. 13, 2016).  Courts in the Sixth Circuit have held that
mandatory withdrawal is appropriate when the court is asked to consider "laws regulating

5

organizations or activities affecting interstate commerce and bankruptcy law." *United States v. DeMiro*, 446 B.R. 804, 807 (E.D. Mich. 2011) (holding that withdrawal was mandatory where the resolution of federal forfeiture statutes involved interpretation of laws or activities affecting interstate commerce under § 157(d)).

9.      The DTSA provides that "[a]n owner of a trade secret that is misappropriated may bring a civil action under this subsection if the trade secret is related to a product or service *used in, or intended for use in, interstate or foreign commerce*." 18 U.S.C. § 1836(b)(1). The information that was misappropriated by Island was used by Sigma to produce products that were sold in interstate and foreign commerce. Complaint ¶ 9. The determination of liability under the DTSA against Island and Mr. Sanders will require a material and significant interpretation of that federal statute and computation of damages as a result of the actual loss caused by misappropriation of Sigma's trade secrets. *See* 18 U.S.C. § 1836. Among other things, the Court will be required to determine whether a supplier list constitutes a "trade secret" within the meaning of the DTSA, and can only do so by applying the legal standards set forth in the DTSA to the complicated foreign market for piping, where knowledge of the names and addresses of suppliers is critical to sourcing product at a reasonable cost and has substantial value. Importantly, due to the complexity of the issues, Sigma expects the trial to be lengthy and involve many witnesses and expert testimony.

10.      Additionally, while precedent on Section 157(d)'s application to DTSA claims is limited, courts examining motions to withdraw the reference in situations concerning related areas of federal intellectual property-infringement and antitrust violations have held that claims brought under those similar statutes require withdrawal.   For instance, in *In re McCrory*, the bankruptcy court held that withdrawal was required with respect to a complaint that brought

claims for violation of the Lanham Act which concerns trademark claims. *In re McCrory*, 160 B.R. 502, 505-06 (S.D.N.Y. 1993). Similarly, in *In re National Gypsum*, the bankruptcy court held that withdraw was required with respect to a complaint that brought claims for patent infringement. *U.S. Gypsum Co. v. Nat'l Gypsum Co. (In re Nat'l Gypsum Co.),* 145 B.R. 539, 542 (N.D. Tex. 1992); *see also, Boricua Motors Corp. v. Tamachi, Inc.*, 76 B.R. 891, 892-93 (D. P.R. 1987) (holding mandatory withdrawal where resolution of debtor's claim involved substantial and material consideration of Sherman Act, Robinson-Patman Act, and Automobile Dealers' Day in Court Act, all statutes regulating interstate commerce). Like claims brought under the Latham Act in *McCrory* and claims for trademark infringement in *National Gypsum*, the claims brought by Island will require interpreting provisions of the DTSA and applying that law to a complicated set of facts. The required analysis is well beyond a simple and straightforward application. Accordingly, mandatory withdrawal of the reference is warranted because of Plaintiffs' federal DTSA claim. *See, e.g., City of New York v. Exxon Corp.*, 932 F.2d 1020, 1026 (2d Cir. 1991) (holding withdrawal was mandatory where the court would have to interpret terms of art in a non-Bankruptcy Code statute in light of a particular set of facts).

### B. Cause Exists to Withdraw the Reference under Section 157(d)

11. Section 157(d) of the United States Code also provides that "[t]he district court may withdraw, in whole or in part, any case or proceeding referred [to the bankruptcy court] . . . on timely motion of any party, for cause shown." When ruling on a motion for permissive withdrawal of the reference, courts consider a number factors including (1) whether the claim is core or non-core; (2) what is the most efficient use of judicial resources; (3) what is the delay and what are the costs to the parties; (4) what will promote uniformity of bankruptcy administration; (5) what will prevent forum shopping; and (6) other related factors, including expediency of the

bankruptcy process and whether the plaintiff has required a jury trial. *See In Re: Old Time Pottery, Llc Debtor. Old Time Pottery, Llc Plaintiff V. Gertha Pruitt*, No. 3:20-BK-03138, 2021 WL 8013747, at \*4 (M.D. Tenn. Nov. 8, 2021). "If one or more of these factors is present, the court may find that cause exists to withdraw the matter." *In re Church St. Health Mgmt., LLC*, No. 3:12-CV-00677, 2012 WL 4035971, at \*3 (M.D. Tenn. Sept. 10, 2012). Here, each factor supports withdrawal.

> i.    **The Complaint Brings Non-Core Claims Against a Non-Debtor Defendant**

12.    The Complaint brings claims against Mr. Sanders, a non-debtor defendant. Those claims are not core proceedings. Sigma has demanded a jury trial and Mr. Sanders will most likely demand one as well. The fact that the Complaint concerns non-core claims "tips the balance heavily in favor of withdrawing the reference." *Nukote Int'l, Inc. v. Office Depot, Inc.*, Case No. 3:09-0921, 2009 U.S. Dist. Lexis 106702, at \*16 (M.D. Tenn. Nov. 16, 2009).

> ii.    **Withdrawal of the Reference Will Ensure the Efficient Use of Judicial Resources and Plaintiff Requests that Its Claims Be Heard by the District Court**

13.    Here, withdrawal will promote judicial efficiency. Sigma's claims involve a non-debtor defendant, Mr. Sanders. If the District Court withdraws the reference, Plaintiff's Adversary Proceeding can move forward in a single forum. Otherwise, the claims against Mr. Sanders and the Debtors likely will have to be tried in two separate forums, increasing the likelihood of inconsistent rulings and wasting judicial assets.[1] *See In re Elder-Beerman Stores Corp.*, No. 95-33643, 1997 WL 1774875, at \*2 (S.D. Ohio Aug. 1, 1997) (cause to withdraw the

---

[1] Sigma has also filed a protective proof of claim. Prosecuting that claim, however, will not result in duplicative proceedings. Proceedings in respect of the proof of claim can simply be stayed pending the outcome of the Adversary Proceeding. *See, e.g., Big Rivers Elec. Corp. v. Green River Coal Co.*, 182 B.R. 751, 756 (W.D. Ky. 1995) (court found that judicial economy still weighed in favor of withdrawal of the reference of the adversary despite movant's proof of claim in the main bankruptcy case).

reference exists in instances where there is a parallel action "initiated by inextricably intertwined plaintiffs against a common defendant").

14.     Moreover, the District Court may already be familiar with the issues raised in the Complaint. The District Court has considered similar facts and claims against Island in Anvil's lawsuit, which brought claims against Island for the theft of Anvil's trade secrets under the DTSA and the Tennessee Uniform Trade Secrets Act. *See Anvil International, LLC v. Island Industries, Inc.*, Case No. 2:20-cv-02284 (W.D. Tenn. 2021). That case addressed many of the same issues that will be raised in the Adversary Proceeding.

15.     Finally, the Adversary Proceeding seeks to enjoin Island, Mr. Sanders and potentially other persons or entities from further disseminating Sigma's trade secrets, which involves non-debtors and may require adding additional defendants to the suit. The District Court is certainly best equipped to handle these decisions. It preserves judicial resources to consolidate all ongoing and potential claims and issues in one singular forum. This factor weighs strongly in favor of withdrawal and Plaintiff respectfully requests that the District Court adjudicate this matter.

### iii.    Each Other Factor Supports Withdrawal

16.     Withdrawing the reference will not delay the proceedings. The Petition was filed three months ago and the Adversary Proceeding was filed contemporaneously with this Motion. The Court's decision to withdraw the reference at the outset of the Adversary Proceeding will save time and resources by allowing the District Court, who is familiar with the issues, to expeditiously adjudicate the matter. *See Everett v. MCI, Inc. (In re WorldCom, Inc.)*, Case No. 07-cv-9590, 2008 U.S. Dist. LEXIS 47596, at *20-21 (S.D.N.Y. June 18, 2008) (withdrawal of the reference would increase efficiency when the proceeding was "in the relatively early stages

of litigation" and "the Bankruptcy Court had made no rulings in the case"). The Adversary Proceeding brings claims for theft of trade secrets. Therefore, withdrawal of the reference will not hinder the goal of promoting uniformity of bankruptcy administration, nor would declining to withdraw the reference foster that goal. The uniformity of bankruptcy administration is not heavily implicated here provided that much of the Adversary Proceeding will involve non-core claims against Mr. Sanders, a non-debtor. The prevention of forum shopping is not at issue here because the District Court will ultimately need to address the issues in the Adversary Proceeding, either initially or on *de novo* review of this Court's findings and report.

17.     Finally, Sigma has made a jury demand and anticipates that Mr. Sanders will also seek a jury. It is well-settled that a jury demand in a non-core proceeding is sufficient cause for withdrawal of the reference. *See Skyline*, 410 B.R. at 567 (the entitlement to a jury trial "plainly can constitute 'cause' for withdrawing a reference").

### C. Sigma's Motion to Withdraw the Reference Was Timely Filed

18.     Sigma's motion was filed promptly after the commencement of the Adversary Proceeding. Courts have found that a motion to withdraw is timely when made "as soon as practicable after it appears that a basis for withdrawal exists." *Blurton v. Fesmire (In re S. Indus. Mech. Corp.)*, 266 B.R. 827, 833 (W.D. Tenn. 2001). In this case, the Motion meets the threshold requirement of § 157(d).

### CONCLUSION

19.     For the foregoing reasons, Sigma respectfully requests that the Court grant the Motion and enter an order withdrawing the reference with respect to the Adversary Proceeding and grant any other relief that may be just and proper under the circumstances.

Dated:  May 9, 2022

Respectfully Submitted,

**BAKER, DONELSON, BEARMAN,**
**CALDWELL & BERKOWITZ, P.C**


By: _/s/ E. Franklin Childress, Jr._
　　E. Franklin Childress, Jr. (TN Bar # 7040)
　　R. Spencer Clift, III (TN Bar # 020445)
　　165 Madison Avenue, Suite 2000
　　Memphis, Tennessee 38103
　　Telephone: (901) 526-2000
　　Email: fchildress@bakerdonelson.com
　　Email: sclift@bakerdonelson.com

—and—

Roberto J. Kampfner (pro hac vice pending)
Aaron Colodny (pro hac vice pending)
**WHITE & CASE LLP**
555 South Flower Street, Suite 2700
Los Angeles, CA 90071
Telephone:　(213) 620-7700
Facsimile:　(213) 452-2329
rkampfner@whitecase.com
aaron.colodny@whitecase.com

_Counsel for Sigma Corporation_

## CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of May, 2022, a copy of the foregoing electronically filed Motion was served on the parties who are registered CM/ECF participants who have consented to electronic notice, and the Notice of Electronic Filing indicates that Notice was electronically mailed to said party.

*/s/ E. Franklin Childress, Jr..*